**SUN OIL COMPANY, Petitioner,**

v.

**FEDERAL POWER COMMISSION,**
**Respondent.**

**No. 18566.**

United States Court of Appeals
Fifth Circuit.

Feb. 15, 1961.

Herf M. Weinert, Beaumont, Tex.,
Robert E. May, Washington, D. C., for
appellant.

John C. Mason, Gen. Counsel, F. P.
C., Howard E. Wahrenbrock, Sol., Washington, D. C., for appellee.

Before TUTTLE, Chief Judge, and
CAMERON and WISDOM, Circuit
Judges.

PER CURIAM.

The Federal Power Commission has
filed its motion to dismiss the Petition
for Review filed by Sun Oil Company.
Its Petition for Review seeks to have
this Court set aside two orders of the
Federal Power Commission, one issued
June 2, 1960 and the other issued July
15, 1960. The proceedings that were
before the Commission and which were
dealt with by the said orders were in
docket Nos. G–13617, G–13619, G–16685,
and G–16686.

The motion to dismiss is based on the
ground that the orders appealed from are
not final orders of the Commission and
thus are not subject to review. Briefly
stated, the orders denied motions made
by the petitioner that the Commission
terminate the proceedings then pending
in the docket numbers referred to. The
state of the proceedings at the time was
that several increases in rates had been
filed by Sun and had been suspended under Section 4(e) of the Natural Gas Act,
15 U.S.C.A. § 717c(e), and Sun was
collecting the higher rates under the undertaking to make refunds if the rates
were not ultimately approved. Proof
had already been taken under the Section 4(e) proceeding, but the investigation had not been completed. The
basis of Sun's motion to terminate was
its contention that the Commission had
terminated other proceedings in like
situations, and Sun contended that "It
was manifestly unfair and discriminatory for the Commission to terminate
suspension proceedings involving other
independent producers, even though
general rate proceedings had been instituted and some were being heard, * * * "
and to refuse at the same time to terminate Sun's proceedings under identical
circumstances.

This effort to cause the Commission to
terminate proceedings during the investigation period and the Commission's
refusal to do so, of course, deals with
an interlocutory or non-final issue. Sun
may still obtain all the benefits it seeks
if the Commission's proceedings are permitted to go to a normal conclusion.
The Commission's refusal to abort the
proceedings is not a reviewable order
under the clear authority of Magnolia
Petroleum Company v. Federal Power
Commission, 5 Cir., 236 F.2d 785, and
associated cases.

In order to conserve the time, expense
and energies of both parties we deem it

appropriate to dispose of this motion summarily, rather than to delay its consideration until the case would otherwise be reached in its normal place on the calendar.